I iCALOGERO, Chief Justice,
concurs in denial of rehearing.
There seems in this case to be no legal solution which is fully satisfactory. Surely there is no solution that commands even near unanimous assent.
I am inclined now to agree with the dissent of Justice Kimball and also with the codal treatment of the legal issue given by Justice Dennis in his dissent. Justice Kimball’s position is that it was not necessary for the medical malpractice defendants to prove at trial that the accident defendants were guilty *644 of fault, a matter which had been judicially determined already. However, because the medical malpractice defendants are solidarily liable with the accident defendants only for the damages resulting from the negligent medical treatment, she believes that the medical malpractice defendants in the ordinary, similar situation should only receive credit for that part of the accident defendants’ payment which compensates plaintiff for the damages resulting from the malpractice.
On the other hand, at this stage in this case, there is no longer any practical or feasible way to ascertain what part of the damages proven by the accident defendants arose only after the medical defendant’s fault. That being the case, I am constrained to let the majority’s result on original hearing prevail. Plaintiffs may, as a result, receive partially some double recovery, but, because of the opinion on original hearing, they have not been permitted to recover both judgments in full, as was the result in the court of appeal.
Furthermore, as the majority on rehearing pointed out, the medical defendants might have fared better if they had accepted the trial judge’s advice or suggestion and third partied the accident defendants.
While the majority’s solution is not entirely satisfactory, I nonetheless concur in the rehearing denial on the basis of the views expressed hereinabove.